### UNITED STATES of America, Plaintiff-Appellee,

v.

### Noel SPEARS, Defendant-Appellant.

### No. 76–1390.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 18, 1977.

Decided August 5, 1977.

Ronald A. Himel, Carolyn Jaffe, Chicago, Ill., for defendant-appellant.

Samuel K. Skinner, U. S. Atty., J. Daniel Stewart, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, PELL, and TONE, Circuit Judges.

PER CURIAM.

Defendant-appellant Noel Spears seeks reversal of his conviction on all counts of a six-count indictment. Counts One to Five charged various distributions of heroin and cocaine in violation of 21 U.S.C. § 841(a), and Count Six charged possession of cocaine in violation of 21 U.S.C. § 844. Spears claims that numerous instances of reversible error require reversal. Because we agree that the defendant-appellant's right to a fair trial was violated, we need not consider all of the issues raised by the defendant-appellant. Accordingly, we shall confine discussion to the question of the trial judge's interference with closing argu-

ment and to the possibility that collateral estoppel requires an acquittal as to Count Six.

## I

The appellant argues that the trial judge improperly interjected himself during defense counsel's closing argument, thereby depriving the defendant of a fair trial by demeaning counsel before the jury. Although we conclude that the evidence of Spears' guilt of distributing heroin and cocaine was substantial, we must reluctantly conclude that unfairness in the trial requires reversal. Any other holding would constitute the adoption of the principle that a defendant the court thinks is obviously guilty is not entitled to a fair trial.

An unfortunate colloquy in the presence of the jury interrupted the closing argument of Spears' attorney and made a fair consideration of the case by the jury most difficult, if not impossible. The exchange was touched off by counsel's statement to the jury, "You heard at the sidebar the judge said, who are you going to believe, the government or him [Branch]." The judge's reaction to this grossly improper reference to a conference held outside the jury's presence was two-fold: First, he properly observed that what had been said in a sidebar was not before the jury. Second, however, the judge stated that counsel's assertion as to what the judge had said at the sidebar conference was "absurd and bordering upon a lie," and that counsel was "an officer of this court," who "won't get away with it." The colloquy continued:

MR. HIMEL: As an officer of the court—

THE COURT: You're not at 26th Street now, you're here, and you behave yourself.

MR. HIMEL: I'm trying to.

THE COURT: Or I'll touch you where it hurts, and that will be in your pocketbook.[1] Now, go ahead.

MR. HIMEL: Your Honor, I apologize.

THE COURT: You should.

MR. HIMEL: But I have not told a lie in this court, nor will I ever perpetuate—

THE COURT: I heard you say it, because that did not happen.

MR. HIMEL: What?

THE COURT: Go ahead. Don't you quiz me. Now, proceed.

MR. HIMEL: Well, who are you going to believe then? I mean, I ask you—

THE COURT: Well, they will have some question about believing you.

MR. HIMEL: I am talking about, if your Honor will allow me, when asking Lonnie Branch whether or not there was a tape—

THE COURT: Who do you think you are?

Counsel then resumed his argument.

■ It is first to be noted that an examination of the record establishes that defense counsel's recollection of the court's statement during the sidebar conference was basically correct and that the court's recollection was erroneous. Yet we do not think that defense counsel can rely upon his ethical duty to represent a client zealously within the bounds of the law, see Canon 7, A.B.A. Code of Professional Responsibility (1974), as a justification for the totally improper reference to the sidebar conference. As Ethical Consideration 7–36 plainly states:

Judicial hearings ought to be conducted through dignified and orderly procedures designed to protect the rights of all parties. Although a lawyer has the duty to represent his client zealously, he should not engage in any conduct that offends the dignity and decorum of the proceedings. While maintaining his independence, a lawyer should be respectful, courteous and above-board in his relations with a judge . . . .

We take the view that the defense attorney was inattentive to his obligation to be "above-board" with the judge by first ask-

---

1. Twice previously during the closing argument, in the presence of the jury, the court had warned Mr. Himel that further conduct which the court viewed as improper would or might result in a fine for contempt.

ing for a sidebar and then attempting to comment upon the judge's remark made therein.

■ Nevertheless, regardless of the impropriety of defense counsel's reference to the sidebar conference, the court's castigation of counsel so discredited him in the eyes of the jury that he could not have remained an effective spokesman for his client, Noel Spears. We must recognize that district court judges often confront courtroom behavior by attorneys which is deserving of censure, or even more, a pocketbook sanction. In the instant case, we note that the trial was marked by overzealous conduct on the part of both the prosecution and defense and that the judge was understandably provoked at the improper reference. However, we cannot overlook the fact that defense counsel's attempt to argue that there was a serious problem regarding the absence of a tape of the November 21 conversation between Branch and Spears had been invited, indeed endorsed by the trial judge.[2] The judge's assumption that defense counsel would argue the point quite well may have been unwarranted, but the record establishes that the judge's role in the exchange went far beyond the correction of an alleged misstatement. Indeed, after directing the counsel to proceed, the trial judge gratuitously asserted that the jury might have some question about believing Himel himself. Where the defense attorney is attempting to build a case that the prosecution's chief witness was the real drug pusher whose credibility was an important factor relating to the defendant's guilt or innocence, the devastating impact of the judge's gratuitous remark is readily apparent.

On balance, we think that the trial judge "lost his cool," departed from the equanimity of spirit required of him, and seriously prejudiced the defense. No matter how compelling the evidence of guilt, there is a point at which unfairness in the trial re-

quires reversal. In the instant case, the defense counsel had engaged in conduct for which he deserved reprimand and censure. However, any such reprimand or censure should have been made outside the presence of the jury. We are persuaded that what occurred here before the jury deprived the defendant-appellant of a fair trial.

## II

A second issue deserves brief comment. In Count Six of the indictment, Spears was charged with having possessed a substance containing cocaine. This contraband had been seized in the course of the execution of a warrant to search the premises of an apartment. It appears that Spears had been charged under another indictment with illegal possession of a firearm, the weapon having been found during execution of the same search warrant. Both the gun and the cocaine were found in the same location relative to the defendant. Because Spears was acquitted on the gun charge in a bench trial before Judge Parsons, assertedly for lack of proof of possession of the gun, he now contends that collateral estoppel requires an acquittal on Count Six.

The Government argues that, assuming that Spears' acquittal on the gun charge rested upon a ruling that he did not exercise dominion and control over the shotgun, it does not follow that Spears did not exercise dominion and control over other items in the apartment, namely the cocaine. The present record makes it impossible for us to determine what issues were concluded against the Government in the gun case. The defendant-appellant's motion for acquittal on Count Six necessarily requires careful consideration of what issues were determined upon the former trial. Upon retrial of the present case, should that occur, the trial court can order the transcript of the bench trial and consider the same before ruling on the defense motion for acquittal on Count Six.

---

2. At a sidebar almost immediately following that requested by Mr. Himel, this one initiated by the judge himself, the court responded to Mr. Himel's question about how to resolve the problem that Branch might be lying, by stating:

> You have got a real fine voice and you can argue, I can assume it, quite well, and if you can't, I will help you.

Because other issues which are presented in this appeal may arise in different form, or not at all, upon a retrial, we have not addressed them. The district court judge to whom the case is reassigned will be in a better position than are we to give consideration to the issues in the form and context in which they are raised.

For the reasons hereinbefore stated, the judgment of conviction is

REVERSED.